UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

CHARLES WATSON, III,

    Plaintiff,

v

TANNISCHA MCCALLUM, SEAN DORSEY, CLYDE LEWIS, JAMES ABRIEL, BRANDON WESTBROOK AND JOSEPH OBI,

    Defendants.

NO. 4:18-cv-10481

HON. MATTHEW F. LEITMAN

MAG. ANTHONY P. PATTI

---

EXCOLO LAW PLLC
Solomon M. Radner (P73653)
Attorney for Plaintiff
26700 Lahser Road, Suite 401
Southfield, MI 48033-2618
(866) 939-2656

Kristin M. Heyse (P64353)
Assistant Attorney General
Attorney for Defendants Tannischa
McCallum, Sean Dorsey, Clyde Lewis,
James Abriel, Brandon Westbrook and
Joseph Obi
Michigan Department of Attorney
General
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055

---

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Tannischa McCallum, Sean Dorsey, Clyde Lewis, James Abriel, Brandon Westbrook, and Joseph Obi, by and through

counsel, answer Plaintiff's First Amended Complaint (ECF No. 23) as follows:

## JURISDICTION AND VENUE

1. No response required to Plaintiff's summary of the action.

2. No response required to Plaintiff's legal conclusion. The statutes speak for themselves.

3. Denied that the actions taken by Defendants were unlawful in reference to this complaint and leave Plaintiff to his proofs. Admitted that the Detroit Detention Center is located within the Eastern District of Michigan in the City of Detroit

4. Admitted that venue is proper.

## PARTIES

5. Neither admitted nor denied because Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations. Plaintiff is left to his proofs.

6. Admitted that Defendant McCallum is employed by the Michigan Department of Corrections (MDOC) as a Sergeant.

7. Admitted that Defendant Dorsey is employed by the Michigan Department of Corrections (MDOC) as a corrections officer.

8. Admitted that Defendant Lewis is employed by the Michigan Department of Corrections (MDOC) as a corrections officer.

9. Admitted that Defendant Abriel is employed by the Michigan Department of Corrections (MDOC) as a corrections officer.

10. Admitted that Defendant Westbrook is employed by the Michigan Department of Corrections (MDOC) as a corrections officer. However, Defendant Westbrook disputes involvement in the allegations alleged in the complaint as he was not employed at the Detroit Detention Center during the time period alleged. Accordingly, Defendant Westbrook denies all of the allegations contained in the complaint based on a lack of any personal involvement.

11. Admitted that Defendant Obi is employed by the Michigan Department of Corrections (MDOC) as a corrections officer.

12. No response required to this paragraph.

13. Defendants admit that they were employed by the Michigan Department of Corrections as either Corrections Officers or in the case of Defendant McCallum, as a Sergeant.  However, in the case of Defendant Westbrook, he was not working at the Detroit Detention Center on this date (August 26, 2017).  As to the legal capacity pled by

Plaintiff, and whether or not Defendants were acting "under the color of law," Defendants neither admit nor deny, as this calls for a legal conclusion.

## FACTUAL BACKGROUND

14. Neither admitted nor denied because Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations. Plaintiff is left to his proofs. Defendants note that undersigned counsel does not represent Officers Zeolla or Bush.

15. Neither admitted nor denied because Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations. Plaintiff is left to his proofs. Defendants note that undersigned counsel does not represent Officers Zeolla or Bush.

16. Admitted that Plaintiff's personal belongings were collected. The remainder of the allegations are denied.

17. Admitted that Plaintiff's eyeglasses were collected. The remainder of the allegations are neither admitted nor denied because Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations. The Plaintiff is left to his proofs.

18. Admitted that Plaintiff indicated that he could not see without his glassed and that, per protocol, his glasses were not returned.

19. Denied that this specific conversation took place.

20. Denied that Plaintiff was handcuffed at this time or that Defendant McCallum grabbed, physically shoved, or forcibly removed Plaintiff's glasses.

21. These allegations are denied as untrue. Defendant specifically denies "strong arming" Plaintiff, as this terminology is ambiguous and implies wrongdoing on the part of Defendant McCallum, which she specifically denies.

22. Admitted that Defendant McCallum activated an electric control device (ECD) twice. Denied that Abriel activated an ECD and/or that deployment by Defendant McCallum was unreasonable. Defendants respond that the ECD was activated due to their reasonable fear that Plaintiff would harm them. The remainder of the allegations are neither admitted nor denied because Defendants lack knowledge or information sufficient to form a belief as to truth thereof. Plaintiff is left to his proofs.

5

23. The allegations in this paragraph are denied, as Defendants did perceive that Plaintiff presented a threat to their safety during this incident.

24. Defendants deny the allegations in this paragraph.

25. Defendants deny the allegations in this paragraph.

26. Defendants deny the allegations in this paragraph.

27. Defendants deny the allegations in this paragraph.

28. Defendants deny treating Plaintiff inhumanely. As to the remainder of the allegations, they are neither admitted nor denied because Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations. Plaintiff is left to his proofs.

29. Defendants deny using "excessive force" against Plaintiff. The remainder of the allegations are neither admitted nor denied because Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations. Plaintiff is left to his proofs.

30. Neither admitted nor denied because Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations. Plaintiff is left to his proofs.

31. Neither admitted nor denied because Defendants lack knowledge or information sufficient to form a belief as to truth or falsity of the allegations. Plaintiff is left to his proofs.

32. Denied that Defendants brutally tased Plaintiff. The remainder of the allegations are neither admitted nor denied because the Defendants lack knowledge or information sufficient to form a belief as to the truth thereof. Plaintiff is left to his proofs.

33. Admitted that Plaintiff was not found to be in possession of a weapon but deny engaging in a "brutal attack" against Plaintiff.

34. These allegations are denied, as Defendants responded to what they believed to be threatening behavior from Plaintiff. Defendants deny engaging in a "brutal attack" against Plaintiff.

35. These allegations are denied, as Defendants did perceive that they were under threat or potential threat of harm by Plaintiff. Defendants deny engaging in a "brutal attack."

36. These allegations are denied. Defendants deny engaging in a "brutal attack."

37. Denied that Defendants brutally attacked Plaintiff and that they lacked probable cause to take the actions they did.

38. These allegations are denied. Defendants deny engaging in "wrongful acts and/or omissions." As to any damages alleged, Plaintiff is left to his proofs.

39. No response required. The documents speak for themselves.

**COUNT I**
**VIOLATION OF CIVIL RIGHTS UNDER 42 USC § 1983**
**(FOURTH AND FOURTEENTH AMENDMENTS—**
**EXCESSIVE FORCE)**

40. Defendants incorporates their previous responses.

41. Denied.

42. Denied.

43. No response required, as this allegation is duplicative of paragraph 42.

44. Denied.

45. Denied.

46. Denied.

47. Admitted that Plaintiff has rights under the U.S. Constitution.

48. Admitted that Plaintiff has rights under the U.S. Constitution. No response is required as this paragraph calls for a legal conclusion.

49. Defendants deny violating Plaintiff's constitutional rights but state that this paragraph calls for a legal conclusion.

50. Defendants deny the allegations presented in this paragraph and to the extent that a legal conclusion is called for, neither admit nor deny and leave Plaintiff to his proofs.

51. Neither admitted nor denied because this response calls for a legal conclusion. Plaintiff is left to his proofs as to his damages

52. Neither admitted nor denied and Plaintiff is left to his proofs regarding his request for damages

53. Neither admitted nor denied because this response calls for a legal conclusion. Plaintiff is left to his proofs regarding his claimed damages.

# COUNT II
# 14TH AMENDMENT
# SUBSTANTIVE DUE PROCESS
# DEPARIVATION OF FUNDAMENTAL
# RIGHT TO BODILY INTEGRITY

54. The Defendant incorporates his previous responses.

55. Neither admitted nor denied because this response calls for a legal conclusion.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied

61. Neither admitted nor denied because this response calls for a legal conclusion. Plaintiff is left to his proof regarding his claimed damages.

## NOTICE OF AFFIRMATIVE DEFENSES

Defendants, by counsel, pursuant to Fed. R. Civ. P. 8(c), assert the following affirmative defenses, upon which they may rely:

1. Plaintiff fails to state a claim on which relief can be granted.

2. Plaintiff's claims may be barred by qualified immunity since the Defendants did not clearly violate established statutory or constitutional rights of which a reasonable person would have known.

2. Plaintiff's claims may be barred by release, *res judicata*, or collateral estoppel.

3. Plaintiff's claims may be barred by provisions of the Prison Litigation Reform Act.

4. Plaintiff's claims may be barred by a failure to exhaust administrative remedies as required by the Prison Litigation Reform Act.

5. Plaintiff's claims may be barred by the Eleventh Amendment.

6. Plaintiff's claims may be barred by the statute of limitations.

7. Defendants reserves the right to claim a failure to mitigate damages in the event discovery reveals appropriate evidence.

8. Plaintiff's losses and/or damages, if any, were caused by his own actions or the actions of third parties, which cannot be attributed to Defendants.

9. The Defendants reserve the right to raise any additional affirmative defenses that they may have following the completion of discovery.

WHEREFORE, the Defendants respectfully request dismissal of Plaintiff's first amended complaint with prejudice, and award Defendants their costs and reasonable attorney's fees incurred in defending this action.

### **DEFENDANTS' RELIANCE ON JURY DEMAND**

Defendants rely on the jury demand filed in this matter and will pay any fee upon proper notification by the Court.

Respectfully submitted,

Dana Nessel
Attorney General

*/s/ Kristin M. Heyse*
Kristin M. Heyse (P64353)
Assistant Attorney General
MI Department of Attorney General
Attorney for Defendants Tannischa McCallum, Sean Dorsey, Clyde Lewis, James Abriel, Brandon Westbrook, and Joseph Obi
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055

Dated: March 5, 2020

## CERTIFICATE OF SERVICE (E-FILE)

  I hereby certify that on March 5, 2020 I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

            */s/ Kristin M. Heyse*
            Assistant Attorney General
            MDOC Division