UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES EARL WATSON, III,

    Plaintiff,

v.

W. ZEOLLA, *et al.*,

    Defendants.

Case No. 18-cv-10481
Hon. Matthew F. Leitman

_____/

## ORDER TERMINATING AS MOOT (1) DEFENDANTS' MOTION TO DISMISS (ECF No. 54); AND (2) PLAINTIFF'S REQUEST FOR A CONTINUANCE (ECF No. 57)

This § 1983 action concerns Plaintiff Charles Earl Watson, III's allegations of excessive force. Watson filed the operative First Amended Complaint ("FAC") on January 14, 2020. (*See* FAC, ECF No. 23.) At that time, Watson was represented in this action by Solomon M. Radner. (*See id.*) Beginning on April 16, 2021, Watson would also be represented in this action by Madeline M. Sinkovich. (*See* Notice of Appearance, ECF No. 39.)

On October 28, 2021, both Radner and Sinkovich moved to withdraw as Watson's counsel. (*See* Mot. for Withdrawal, ECF No. 51.) On October 29, 2021, this Court entered an order (the "First Deadline Order") in which it, *inter alia*, granted Radner and Sinkovich's motion to withdraw as counsel. (*See* First Deadline

1

Order, ECF No. 53.)  As part of that order, the Court required Watson to comply with the following two requirements or risk dismissal of this action:

> 4. By not later than December 6, 2021, Watson shall notify the Court in writing that he intends to proceed pro se or shall have new counsel file a written appearance on his behalf on the docket. If Watson fails to provide such notice or fails to have new counsel file a written appearance on his behalf, as required herein, this action shall be subject to dismissal.
>
> 5. By not later than January 7, 2022, Watson shall provide full responses to the discovery requests that are the subject of Defendants' amended motion to compel (ECF No. 49). If Watson fails to provide full responses to these discovery requests as required herein, this action shall be subject to dismissal.

(*See id.*, PageID.323.)  Finally, the Court ordered that Watson's now-terminated counsel serve the Court's order on Watson "promptly." (*Id.*)

When Watson did not provide the required responses, Defendants filed the instant motion to dismiss in accordance with the Court's order on January 10, 2022. (*See* Mot. to Dismiss, ECF No. 54.)  However, unbeknownst to the Court and Defendants, the First Deadline Order was not sent to Watson before the deadlines set therein had passed.  After the Court reached out to Radner and Sinkovich, Radner served the First Deadline Order on Watson on January 18, 2022. (*See* Certificate of Service, ECF No. 55.)  The Court then issued another order (the "Second Deadline Order") in which it re-set the deadlines for Plaintiff to comply with the requirements set out in the First Deadline Order. (*See* Second Deadline Order, ECF No. 56.)  The

deadlines set out in that order, which supersede those set out in the First Deadline Order and are now the operative deadlines, are as follows:

1. By not later than March 7, 2022, Watson shall notify the Court in writing that he intends to proceed pro se or shall have new counsel file a written appearance on his behalf on the docket. If Watson fails to provide such notice or fails to have new counsel file a written appearance on his behalf, as required herein, this action shall be subject to dismissal.

2. By not later than April 6, 2022, Watson shall provide full responses to the discovery requests that are the subject of Defendants' amended motion to compel (ECF No. 49). If Watson fails to provide full responses to these discovery requests as required herein, this action shall be subject to dismissal.

(*See id.*, PageID335.)

On January 18, 2022, Watson filed a response (dated January 14, 2022) to Defendants' motion to dismiss. (*See* Resp., ECF No. 57.) In his response, Watson confirmed that he had not received the First Deadline Order. (*See id.*, PageID.337.) He notified the Court that he "wishes to proceed with the case pro se until counsel can be retained[.]" (*See id.*, PageID.338.) However, he also indicated that he needed "adequate time to respond" to the First Deadline Order and requested "that the Court grant[] a continuance of this case." (*See id.*)

Because Watson did not timely receive the First Deadline Order and the Court consequently re-set the deadlines contained therein in its Second Deadline Order, the Court **TERMINATES AS MOOT** Defendants' pending motion to dismiss

(ECF No. 54.) Defendants will be able to file another motion to dismiss if Watson fails to comply with all of the requirements set out in the Second Deadline Order.[1]

Finally, the Court **TERMINATES AS MOOT** Watson's request for a additional time to comply with the First Deadline Order. Because the Court has already extended the deadlines for Plaintiff to provide the required responses in the Second Deadline Order, that request is moot.

**IT IS SO ORDERED.**

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: February 1, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 1, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan<br>
Case Manager<br>
(313) 234-5126

---

[1] The Court notes further that Watson has complied already with the first component of that order by notifying the Court in writing that he will proceed pro se. (*See* Resp., ECF No. 57, PageID.338.)