UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES EARL WATSON, III,

    Plaintiff,                               Case No. 18-cv-10481
                                           Hon. Matthew F. Leitman

v.

W. ZEOLLA, *et al.*,

    Defendants.

_____/

**ORDER (1) GRANTING IN PART DEFENDANTS' RENEWED MOTION TO DISMISS (ECF No. 59); AND (2) DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**

On October 29, 2021, this Court entered an order in which it required Plaintiff Charles Earl Watson, III to, among other things, "provide full responses to the discovery requests that were the subject of Defendants' amended motion to compel discovery by not later than January 7, 2022." (Order, ECF No. 53, PageID.323.) The Court explained that a failure to comply with this requirement would render Watson's action subject to dismissal. (*See id.*) Finally, the Court ordered that Watson's now-terminated counsel serve the Court's order on Watson "promptly." (*Id.*)

Unfortunately, the Court's order was not sent to Watson until January 18, 2022. (*See* Certificate of Service, ECF No. 55.)  By that point, the deadline laid out for Watson in the October 29, 2021 order had passed.

Accordingly, on January 19, 2022, the Court entered another order in which it extended the deadline for Watson to comply with the Court's order. (*See* Order, ECF No. 56.)  In relevant part, the Court ordered Watson to "provide full responses to the discovery requests that are the subject of Defendants' amended motion to compel (ECF No. 49)" by "not later than April 6, 2022." (*Id.*, PageID.335.)  The Court explained again that a failure to comply with this requirement would render Watson's action subject to dismissal. (*See id.*)

Watson has not responded to Defendants' discovery requests.  On April 22, 2022, Defendants filed a renewed motion to dismiss Watson's action with prejudice for failure to prosecute and failure to comply with the Court's order. (*See* Ren. Mot. to Dismiss, ECF No. 59.)

The Court has provided Watson ample time to comply with its order and respond to Defendants' discovery requests.  He has failed to do so.  The Court therefore agrees with Defendants that dismissal is appropriate.  However, because Watson is proceeding *pro se*, the Court concludes that the most appropriate course of action is to dismiss Watson's action without prejudice.

Accordingly, Defendants' renewed motion to dismiss (ECF No. 59) is **GRANTED IN PART** and Watson's action is **DISMISSED WITHOUT PREJUDICE**. The Court **DENIES IN PART** Defendants' motion to the extent it seeks dismissal with prejudice.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 8, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 8, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126